UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM BENTKOWSKY,

    Plaintiff,

    v.

BENCHMARK RECOVERY, INC, et al.,

    Defendants.

Case No. 13-cv-01252-VC  (JCS)

**DISCOVERY ORDER**

Re: Dkt. No. 63.

    The Court has received the parties' Joint Discovery Letter Brief, filed June 18, 2014, concerning the parties' dispute about a Collection Agency Agreement ("CAA") between Defendants and Bank of the West. Dkt. No. 63. A copy of the CAA was produced by Defendants in response to Plaintiff's written discovery requests, with Benchmark's settlement authority and compensation terms redacted. *Id.* Plaintiff moves to compel production of an unredacted copy of the CAA; Plaintiff has requested, in the alternative, that the unredacted copy be produced subject to a protective order. *Id.* Defendants opposes production under any circumstances, on the grounds that the CAA is irrelevant to Plaintiff's claims, privileged, and contains confidential business information. *Id.* Defendants also objected to deposition questions regarding the CAA's redacted contents on the same grounds. *Id.*

    The Federal Rules of Civil Procedure broadly authorize the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The standard for permissible discovery thus contains two key limitations: the matter must be both 'relevant' and 'nonprivileged.'" *Plumlee v. Pfizer, Inc.*, 13-CV-00414-LHK, 2014 WL 690511 (N.D. Cal. Feb. 21, 2014) (citations omitted).

    Plaintiff argues the redacted information is relevant to its claims that, *inter alia*, Defendants misrepresented the compensation which Defendants may lawfully receive for the

1 collection of the alleged debts and that Defendants attempted to collect fees that were not
2 expressly authorized by the agreement creating the alleged debt. Relevance is construed broadly
3 to include "any matter that bears on any issue that is or may be in the case." *Oppenheimer Fund,*
4 *Inc. v. Sanders*, 437 U.S. 340, 351 (1987). The Court finds that the redacted material is relevant,
5 in that it may reasonably be expected to lead to the discovery of admissible evidence the bear on
6 Plaintiff's claims. *See id*.

7 Next, the court must determine whether the information sought is privileged. To do so, the
8 court must as an initial matter determine whether the federal or the state law of privilege applies.
9 When the evidence in question is relevant to both state and federal claims, federal law of privilege
10 applies. *Stallworth v. Brollini*, 288 F.R.D. 439, 442 (N.D. Cal. 2012) (citations omitted). Here,
11 Plaintiff brings both state and federal claims, and the requested information may reasonably be
12 expected to lead to the discovery of admissible evidence as to both. *See* Dkt. No. 1 ("Complaint").
13 Accordingly, the Court applies the federal law of privilege in this action.

14 Defendants have not supported a claim that the redacted material is privileged information
15 to which Plaintiff is not entitled pursuant to Rule 26. Defendants state that the CAA was
16 "properly redacted pursuant to claims financial privacy and trade secrets," and further states that
17 the redacted information "is confidential business information with legitimate privacy interests."
18 Dkt. No. 63 at 4. Even if true, these claims do not assert any federally recognized privilege
19 exempting the CAA from proper discovery. At best, the cases Defendants cite suggest the
20 information should be produced subject to a protective order proscribing public disclosure of the
21 information, rather than exempt from production under a claim of privilege. *See, e.g.*, *Foltz v.*
22 *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003) (describing the burden for
23 a party moving for a protective order); *Takata v. Hartford Comprehensive Employee Ben. Serv.*
24 *Co.*, 283 F.R.D. 617, 622 (E.D. Wash. 2012) (analyzing a motion for protective order). A
25 protective order preventing public disclosure of the redacted information is precisely the
26 compromise offered by Plaintiff. *See* Dkt. No. 63 at 3.

27 The Court finds that Defendants' concerns regarding potential disclosure of trade secret
28 information, confidential business information, or private financial information could be properly

United States District Court
Northern District of California

2

addressed if the information was produced subject to a protective order.  Accordingly, the Court orders:

1. That on or before July 24, 2014, the parties jointly submit to the Court an agreed protective order covering the production of confidential or sensitive information;

2. That the agreed protective order include a category for designating produced information as "Attorney's Eyes Only;"

3. That an "Attorney's Eyes Only" copy of the CAA be produced to Plaintiff without redactions;

4. That Defendants' objections to deposition questions regarding the CAA are overruled.

**IT IS SO ORDERED.**

Dated: July 10, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge

3