UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BENTKOWSKY,<br><br>    Plaintiff,<br><br>v.<br><br>BENCHMARK RECOVERY, INC, et al.,<br><br>    Defendants. | Case No. 13-cv-01252-VC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Doc. Nos. 77, 80 |

    Bentkowsky is suing Benchmark Recovery and its principal, Jeffrey Lasnier, for violations of the federal Fair Debt Collections Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, and California Civil Code §§ 1812.700-1812.702. Bentkowsky's motion for summary judgment is granted, and the defendants' cross motion for summary judgment is denied.

    Bentkowsky claims that Benchmark's first written notice to him failed to identify the creditor to whom he owed a debt. The parties agree that, under the FDCPA, an initial letter to a debtor must disclose the current creditor. *See Suellen v. Mercantile Adjustment Bureau, LLC*, 2012 WL2849651, at *6 (N.D. Cal. June 12, 2012) (applying 15 U.S.C. § 1692g(a)(2) and citing *Sparkman v. Zwicker & Assoc., P.C.*, 374 F.Supp.2d 293, 300-01 (E.D.N.Y. 2005)). And it is undisputed that when Bentkowsky received the letter, Bank of the West was the creditor. However, the letter did not identify Bank of the West as such. The letter identified Bank of the West as the "Original Creditor," but it did not identify anyone as the "current" creditor.

    Benchmark argues it was sufficient to identify Bank of the West as the "Original Creditor" without specifying that it was also the "current" creditor. But applying the standard by which a violation of § 1692g must be judged, namely, the "least sophisticated debtor" standard, the letter is confusing and leaves the reader unaware of the identity of the current creditor. If anything, the

letter implies that the current creditor is someone different from the "Original Creditor," such as, perhaps, Benchmark itself. Accordingly, the letter violates 15 U.S.C. § 1692g(a)(2). Because this violation will provide Bentkowsky with a full recovery under the FDCPA, it is unnecessary to reach his other FDCPA claims.[1] Furthermore, California has incorporated § 1692g into the Rosenthal Act, so Benchmark's failure to identify the current creditor also violates the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Suellen*, 2012 WL2849651, at *6.

After considering the relevant statutory factors, among them the existence of additional violations,[2] the Court awards Bentkowsky damages of $1000 under the FDCPA for Benchmark's failure to identify the current creditor in its first notice. *See* 15 U.S.C. § 1692k. Bentkowsky is further awarded damages of $1000 under the Rosenthal Act. *See* Cal. Civ. Code § 1788.17 (incorporating remedies from 15 U.S.C. § 1692k); *Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1066-68 (9th Cir. 2011) (allowing recovery under both federal and state provisions for the same violation); *Costa v. Nat'l Action Fin. Servs.*, 634 F.Supp.2d 1069, 1077 (E.D. Cal. 2007) (same). However, because Bentkowsky has not claimed actual damages or demonstrated that Benchmark "willfully and knowingly" violated the law, he is not entitled to damages under § 1788.30 of the Rosenthal Act.

**IT IS SO ORDERED**.

Dated: October 28, 2014

VINCE CHHABRIA
United States District Judge

---

[1] In argument, counsel for Bentkowsky represented that resolution of one FDCPA claim was sufficient to provide a full recovery for Bentkowsky under the FDCPA, and the Court need not reach Bentkowsky's remaining FDCPA claims.

[2] For example, Bentkowsky claims, and Benchmark concedes, that the letter failed to include the consumer collection notice required by California Civil Code § 1812.700. Benchmark uses a third-party printing company to print and mail its letters, and currently has a policy requiring the printing company to submit a sample letter to Benchmark for approval any time there is a change in the template. However, at the time this letter was sent to Bentkowsky, in March 2012, Benchmark had no policy in place to ensure the printing company included the consumer notice after making some other change to the letter. *See* Lasnier Depo. 111:10 - 113:7. It just trusted the printing company to leave the notice in the letter. *Id.* The new policy was not implemented until after Benchmark was sued. *Id.* When Bentkowsky received the letter, Benchmark's procedures were not "reasonably adapted" to avoid a violation. Cal. Civ. Code §§ 1788.30(e); 1812.702.

2