UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BENTKOWSKY,<br><br>        Plaintiff,<br><br>    v.<br><br>BENCHMARK RECOVERY, INC, et al.,<br><br>        Defendants. | Case No. 13-cv-01252-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO ALTER JUDGMENT; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER JUDGMENT**<br><br>Re: Doc. Nos. 90, 91 |

### A. Introduction

William Bentkowsky sued Benchmark Recovery and its principal, Jeffrey Lasnier, for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, and California Civil Code sections 1812.700-1812.702. On October 28, 2014, the Court granted Bentkowsky's motion for summary judgment and denied the defendants' cross motion for summary judgment. The Court entered judgment on November 5, 2014. Both sides now move to amend that judgment.

### B. The Defendants' Motion

In its prior order, the Court found that Benchmark's first written notice to Bentkowsky violated section 1692g(a)(2) of the FDCPA by failing to disclose the current creditor to whom Bentkowsky owed his debt. Although the letter identified the correct creditor, it did not identify it as the current creditor. It instead labeled the creditor as the "Original Creditor." The letter therefore was confusing and left the reader unaware of the current creditor, in violation of the FDCPA. And because California has incorporated section 1692g into the Rosenthal Act through section 1788.17 of the California Civil Code, the letter violated the Rosenthal Act as well. The

1  Court awarded Bentkowsky $1,000 in damages under the FDCPA and another $1,000 under
2  section 1788.17 of the Rosenthal Act.

3  The defendants contend that the award of $1,000 under the FDCPA was too high. But the
4  Court finds no basis for deviating from its conclusion on this point. The FDCPA identifies three
5  factors that courts should consider when assessing damages, namely, the "frequency and
6  persistence of noncompliance," "the nature of such noncompliance," and the "extent to which such
7  noncompliance was intentional." 15 U.S.C. § 1692k(b). It adds that courts should consider "other
8  relevant factors." *Id.* Bentkowsky has shown that the collection letter did not merely violate the
9  FDCPA for failing to identify the current creditor; it also failed to include a notice to consumers
10 required by California Civil Code section 1812.700. *See* Order 2 n.2. It is difficult to imagine
11 something that could fit more squarely within the meaning of "other relevant factor" under section
12 1692k(b) than a finding that the same letter violated a different consumer protection statute for a
13 different reason. And this justifies an award of $1,000, rather than some lesser amount, under the
14 FDCPA.

15 The defendants also contend that the Court lacked authority to award $1,000 more in
16 damages, for the same violation, under section 1788.17. On further reflection, the Court
17 concludes that an additional $1,000 in damages under section 1788.17 of the Rosenthal Act is not
18 warranted, although not for the reason the defendants have articulated.

19 The defendants contend that any damages award under section 1788.17 must be
20 accompanied by a finding that the violation was knowing and willful. But that intent requirement
21 is contained in section 1788.30(b) of the Rosenthal Act, not section 1788.17. Section 1788.17 was
22 enacted later, and by its own terms incorporates the exact liability provisions and remedies as the
23 FDCPA – specifically, 15 U.S.C. §§ 1692b-1692j and 1692k. And it does so "[n]otwithstanding
24 any other provision of this title." To construe section 1788.17 as requiring a finding of intent as a
25 prerequisite to a statutory damages award seems contrary to the plain language of the provision,
26 since the federal statute that it incorporates indisputably does not contain such a requirement.

27 To illustrate the point, imagine that the plaintiff in this case preferred to sue the defendants
28 in state court, under only the Rosenthal Act. And imagine the plaintiff alleged that the defendants

violated section 1788.17, because the letter's failure to identify the current creditor was a violation of the FDCPA. Further imagine that the plaintiff sought $1,000 in strict-liability damages, because section 1788.17 incorporates the strict-liability statutory damages provision of 15 U.S.C. § 1692k. It would seem strange for the defendants to argue that the plaintiff is required to prove intent, simply because a separate and earlier-enacted liability provision of the Rosenthal Act – namely, section 1788.30(b) – requires a showing of intent.

In any event, the Court does not definitively reach this question, because it has concluded, after giving the matter more careful consideration, that an award of an additional $1,000 under the Rosenthal Act, over and above the $1,000 that the plaintiff will receive under the FDCPA, is not warranted. As discussed in the prior order, there is no indication in the record that the defendants acted with any level of intent to deceive Bentkowsky. This is true for all claims Bentkowsky asserts in connection with the single letter he received from the defendants – the claims the Court reached in its summary judgment ruling and the claims it didn't reach. Therefore, even if Bentkowsky prevailed on all his claims against the defendants – the ones on which the Court has ruled for Bentkowsky and the ones Bentkowsky has asserted but the Court did not reach – an award of more than $1,000 would not be justified. The Court exercises its discretion to amend this award, because it did not give proper consideration to the appropriate amount of the award the first time around.[1]

**C. The Plaintiff's Motion**

Bentkowsky seeks to amend the judgment to clarify that Lasnier is jointly and severally liable for the award. This point is well-taken, because that was the intent of the Court's prior order, even though the order did not make that clear.

Lasnier personally violated the FDCPA, because he is a debt collector under the FDCPA and he took an action that violated the FDCPA. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991,

---

[1] There could be an additional reason for declining to award Bentkowsky an additional $1,000 under section 1788.18. There is an argument that such an award would exceed a cap set for awards authorized by the FDCPA. *Cf. Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1068 n.15 (9th Cir. 2011). But even if the Court could award additional damages under section 1788.18, it would not do so in light of the record in this case.

3

1    1000 (9th Cir. 2012). The parties do not dispute that Lasnier is a "debt collector" within the

2    meaning of the FDCPA. *See* Doc. No. 92, Defendants' Opp. at 1. And Lasnier testified at

3    deposition that he personally drafted the collection letter that was sent to Bentkowsky. *See* Doc.

4    No. 77, Dec. of Schwinn, Ex. A at 12. By drafting the letter to Bentkowsky – a letter which

5    violated the FDCPA – Lasnier took an action that violated the FDCPA. *See Cruz*, 673 F.3d at

6    1000. And Lasnier was, in part, responsible for the failure to prevent the exclusion of the

7    consumer collection notice from the letter. Doc. No. 77, Ex. A. at 112-13. Lasnier is therefore

8    jointly and severally liable for the damages award. *See e.g., Carrizosa v. Stassinos*, 2010 WL

9    4393900, at *1-2, 5 (N.D. Cal. Oct. 29, 2010) (holding defendants jointly and severally liable for

10   award of statutory damages).

11   Bentkowsky also takes issue with the fact that the judgment did not include a finding that

12   he is entitled to attorneys' fees. But Bentkowsky has yet to file a motion for attorneys' fees.

13   Under Local Rule 54-5, the prevailing party is to submit a motion for attorneys' fees within 14

14   days of entry of judgment.

### D. Conclusion

16   The defendants' motion to alter the judgment is granted in part and denied in part. It is

17   denied to the extent the defendants seek a reduction in the award given under the FDCPA, but

18   granted to the extent the defendants seek a reduction in the award given under the Rosenthal Act.

19   The plaintiff's motion is granted in part and denied in part. It is granted to the extent the plaintiff

20   seeks a clarification that the defendants are both liable for the award, and denied to the extent the

21   plaintiff seeks a ruling, at this point, that he is entitled to attorneys' fees. The Court will issue an

22   amended judgment.

23   **IT IS SO ORDERED**.

24   Dated: February 2, 2015

VINCE CHHABRIA
United States District Judge